UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OREE WEST, JR.,
    Petitioner,

v.   Case No. 8:25-cv-1348-KKM-NHA

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

### ORDER

West, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id.*), and the response opposing the petition as time-barred, (Doc. 4), the petition is dismissed as time-barred.[1] Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

I.    **BACKGROUND**

    **A. State Court Case No. 2012-CF-5666**

In Case No. 2012-CF-5666, West pleaded guilty to one count of attempted possession of a firearm by a delinquent and was sentenced to probation. (Doc. 4-2, Exs. 5 & 6.) After West admitted violating probation, the state trial court revoked his probation and sentenced him to five years in prison. (Doc. 4-2, Ex.

---

[1] West did not file a reply.

1

25.) The state appellate court per curiam affirmed the revocation of probation and the sentence. (Doc. 4-2, Ex. 31.) West's amended motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.850, was denied. (Doc. 4-2, Exs. 49 & 57.) The state appellate court per curiam affirmed the denial. (Doc. 4-2, Ex. 62.)

### B. State Court Case Nos. 2012-CF-8004 and 2012-CF-8722

In his other two state court cases, West entered pleas of no contest to one count of burglary of a dwelling with an assault while armed with a weapon; three counts of robbery with a weapon; one count of burglary of a dwelling; and one count of grand theft. (Doc. 4-2, Exs. 7-9.) He was sentenced to three years in prison, followed by community control and probation. (Doc. 4-2, Exs. 9 & 10.) After West admitted violating community control, he was sentenced to an overall term of 30 years in prison. (Doc. 4-2, Ex. 26.)

The state appellate court affirmed the revocation of probation and the prison sentences but remanded with instructions for the state trial court to correct West's written sentences to show his continuing youthful offender status. *West v. State*, 232 So.3d 522 (Fla. 2d DCA 2017). The state appellate court per curiam affirmed the denial of West's amended motion for postconviction relief. (Doc. 4-2, Exs. 49, 57 & 62.)

2

## II. LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under the AEDPA, a federal habeas petitioner has one year to file a § 2254 petition. This one-year limitation period starts running on the later of "the date on which the judgment became final by the conclusions of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

## III. ANALYSIS

### A. State Court Case No. 2012-CF-5666

On July 25, 2016, West was sentenced to five years in prison, with credit for time served. (Doc. 4-2, Ex. 25.) According to Department of Corrections information, West's sentence for this case concluded on February 3, 2020. (Doc. 4-2, Ex. 64.) Relief under § 2254 is only available to a prisoner who is "in custody" pursuant to a state court judgment when he files his federal habeas petition. *See Birotte v. Sec'y for Dep't of Corr.*, 236 F. App'x 577, 579 (11th Cir. 2007) ("[T]he 'in custody' requirement means that the petitioner must be 'in

3

custody' under the conviction or sentence under attack at the time the habeas petition is filed." (citing *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989))).

West was not "in custody" on the judgment entered in Case No. 2012-CF-5666 when he filed his § 2254 petition on May 20, 2025. His sentence had concluded more than five years earlier, on February 3, 2020. Accordingly, any challenge to this state court judgment is moot.

### B. State Court Case Nos. 2012-CF-8004 and 2012-CF-8722

West's petition is untimely as to the convictions entered in his other two state court cases. The state appellate court's per curiam decision affirming West's prison sentences was entered on December 22, 2017. *West*, 232 So.3d 522. His convictions became final on March 22, 2018, upon expiration of the 90-day period to petition the Supreme Court of the United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The one-year AEDPA limitation period began running the next day, March 23, 2018. West did not file a tolling motion in state court or a federal habeas petition within the next year. The AEDPA limitation period therefore expired on March 23, 2019. West's motion for postconviction relief, filed on January 14, 2020, did not affect the limitation period. (Doc. 4-2, Ex. 38); *see Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline [for filing a federal habeas petition] has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

Accordingly, West's federal habeas petition is untimely under § 2244(d)(1)(A). West does not argue that the Court can consider his untimely petition on the basis of his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that a petitioner's actual innocence, if proven, allows the petitioner to obtain review of his untimely habeas petition).

West references equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances.").

5

West has not identified any extraordinary circumstances that prevented him from timely filing his § 2254 petition. Nor does he show that he diligently pursued the timely filing of his § 2254 petition. Accordingly, West has not shown that equitable tolling is warranted.

## IV. CERTIFICATE OF APPEALABILITY

West is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id*. To obtain a COA, West must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, West cannot satisfy the second prong of the *Slack* test. As West is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that West's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against West and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on October 28, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge